UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE A. GUILLEN,

    Plaintiff,

v.                              CASE No. 8:18-cv-2813-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was thirty-six years old at the time of the administrative hearing (Tr. 57) and who has some college education (Tr. 368), has worked primarily as a radiology technician (Tr. 371). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to depression, reflex sympathetic dystrophy, severe pain in joints of ankles and feet, neuropathy, heart disease and asthma (Tr. 285). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "metatarsalgia; complex regional pain syndrome; causalgia; sacroiliac/sacrum dysfunction; bursitis; sinusitis; asthma; rhinitis; and renal cyst" (Tr. 13). The law judge concluded that with those impairments the plaintiff had the residual functional capacity to perform light work with the following exceptions (Tr. 16):

> [T]he claimant can lift and/or carry 20 pounds occasionally; 10 pounds frequently; stand and/or walk for 2 hours in an 8 hour day; and sit for 6 hours in an 8 hour day. She requires a sit stand option with an alternating interval of 1-2 hours.

2

> She can constantly push and/or pull with the upper extremities, reach above shoulder level with both arms, reach waist to chest with both arms, handle with both hands, finger with both hands, and feel. She can occasionally climb ramps and stairs, balance, stoop, and kneel. She must avoid climbing ladders and scaffolds, crouching, and crawling. She must avoid working around high, exposed places. She can tolerate frequent exposure to moving, mechanical parts; humidity and wetness; pulmonary irritants; extreme cold; extreme heat; and vibrations. She is able to understand, remember, and carry out simple detailed instructions.

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 20). However, based upon evidence from a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as order clerk food and beverage, document preparer, and charge account clerk (Tr. 21–22). Accordingly, on February 16, 2018, the law judge decided that the plaintiff was not disabled (Tr. 22).

The plaintiff sought review of the law judge's decision and submitted additional evidence with that request. That evidence was from April 26–28, 2018; May 9–31, 2018; and June 25–July 5, 2018 (Tr. 2). The Appeals Council, noting that the law judge decided the case through

3

February 16, 2018, stated, "This additional evidence does not relate to the period at issue" (id.). The Appeals Council added that the evidence "does not affect the decision about whether you were disabled beginning on or before February 16, 2018" (id.). As a consequence, the law judge's "decision is the final decision of the Commissioner of Social Security" in the plaintiff's case (Tr. 1).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42

U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole

contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

Following the law judge's unfavorable decision, the plaintiff requested review from the Appeals Council and submitted additional evidence to it. The plaintiff's sole issue is based upon that additional evidence. The plaintiff argues that "the Appeals Council's decision was in error in failing to find that evidence submitted to it was new and material" (Doc. 21, pp. 2, 5).

In support of this argument, the plaintiff cites Ingram v. Commissioner of Social Security, 496 F.3d 1253 (11th Cir. 2007) (Doc. 21, pp. 5–6). Ingram holds that when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. Ingram, 496 F.3d at 1262; see also Tucker v. Astrue, 8:07-cv-621-T-TGW, 2008 WL 2811170 (M.D. Fla.

2008). Moreover, under the applicable regulations, review will be granted by the Appeals Council when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. 404.970(a)(5), 416.1470(a)(5).

The plaintiff, therefore, under the regulations must overcome four hurdles to prevail on her claim that the Appeals Council erred in denying review. Thus, she must show (1) that the evidence relates to the period on, or before, the date of the law judge's decision, (2) that the evidence is new, (3) that the evidence is material, and (4) that there is a reasonable probability that the additional evidence would change the outcome of the decision. In addition, in light of <u>Ingram</u>, the plaintiff would have to show that the Appeals Council erred in deciding that the law judge's findings were not contrary to the weight of all the evidence.

The plaintiff's issue fails from the outset. Thus, she articulates the issue (twice) that "the Appeals Council's decision was in error in failing to find that evidence submitted to it was new and material" (Doc. 21, pp. 2, 5). This contention is puzzling. The Appeals Council

did not purport to evaluate whether the additional evidence was new or material. Thus, there is no basis for asserting that the Appeals Council erred with respect to an analysis of those factors.

If the plaintiff's contention is that the Appeals Council should have evaluated whether the evidence was new and material, and erred in failing to do so, that contention is baseless. The Appeals Council disregarded the new evidence on the ground that "[t]his additional evidence does not relate to the period at issue" (Tr. 2). That is a distinct factor from new and material evidence. Consequently, the plaintiff's failure to show that this additional evidence relates to the period on or before the date of the law judge's decision defeats an argument that the Appeals Council erred in denying review.

Moreover, in light of the Scheduling Order and Memorandum Requirements, the plaintiff's failure to specify as an issue the Appeals Council's determination that the additional evidence does not relate to the period on, or before, the law judge's decision forfeits that issue (Doc. 13). Thus, that Order stated that "[t]he plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" and that "[a]ny contention for which those requirements are

not met will be deemed forfeited" (Doc. 13, p. 2). As indicated, the only issue asserted was whether the Appeals Council erred in failing to find that the additional evidence submitted to it was "new and material." The plaintiff did not contend that the Appeals Council erred in concluding that the additional evidence did not relate to the period at issue.

Further, the Scheduling Order and Memorandum Requirements provide that "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing standards" (id.). Not only did the plaintiff fail to articulate any issue about relating back, but she did not develop any argument about such an issue.

The most she said was the following hint of an argument (Doc. 21, pp. 6–7):

> There were no radiological or EMG studies performed shortly before the Administrative Law Judge decision. There is no indication that there was a traumatic event which caused an injury to the claimant's cervical spine within two months after the Administrative Law Judge decision. There is a reasonable probability that the claimant's cervical disc disease and radiculopathy existed at about the same level of severity at the time of the Administrative Law Judge, [sic]

9

decision as those conditions demonstrated several months later.

These unsupported and speculative comments do not comply with the Scheduling Order and Memorandum Requirements. For these several reasons, the plaintiff's challenge to the Appeals Council's denial of review fails.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 13th day of January, 2020.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE